

**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Mohd Nazzal Abu-Jamous
c/o Richard Karceski/Esq.
305 Washington Avenue
Suite 301
Baltimore, MD 21204

| | |
|---|---|
| Asset Id: | 11-DEA-548957 |
| Case Number: | BH-11-0021 |
| Property: | 2004 GMC G3500 |
| Vehicle ID Number: | 1GDJG31U741908735 |
| Asset Value: | $5,000.00 |
| Seizure Date: | 05/03/2011 |
| Seizure Place: | New Market, MD |
| Owner Name: | Solo Wholesale LLC |
| Seized From: | Martinez-Diaz, Rosa Perez and Raul |
| Judicial District: | District of Maryland |

**NOTICE MAILING DATE:** June 29, 2011

## NOTICE OF SEIZURE

The above-described property was seized by the Drug Enforcement Administration (DEA) for forfeiture pursuant to Title 21, United States Code (U.S.C.), Section 881, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 301 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for remission or mitigation of the forfeiture of the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

## TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission (**pardon**) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (30) days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

## TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by August 3, 2011. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

## WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, 8701 Morrissette Drive, Springfield, VA 22152. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED. The Asset ID referenced above should be used with all submissions. Failure to include the Asset ID may cause a delay in processing your submission(s).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,      *

     Plaintiff           *   Case No: BH-11-0021

v.                  *   Asset ID: 11-DEA-548957

2004 GMC G3500        *
Veh. ID: 1GDJG31U741908735
                    *

     Defendant
              *   *   *

### CLAIM OF OWNERSHIP

Claimant, Tobacco Zone, Inc., by and through its attorney, Richard M. Karceski, in accordance with 18 U.S.C. §983, does hereby file its claim of ownership in the above-captioned property:

Tobacco Zone, Inc., by Nazzal Abdallah, does hereby swear and affirm under the penalty of perjury that the following is true and correct:

It has received a copy of the Notice of Seizure. It is the owner of the property described in the Notice of Seizure. As the owner of the property, it demands its restitution and the right to defend this action. Its Claim of Ownership is based on the following facts:

1. On May 3, 2011, law enforcement agents, armed with a search and seizure warrant, entered 10620 Old National Pike, New Market, Maryland and seized, among other things, a 2004 GMC G3500 truck.

2. The vehicle seized is the lawful property of Tobacco Zone, Inc.

3.  The truck seized is unrelated to any illegal activity.  It
is legitimately the sole property of Tobacco Zone, Inc. and Tobacco
Zone, Inc. demands its return.

TOBACCO ZONE, INC.

By: Nazzal Abdallah

_7/20/11_
Date

RICHARD M. KARCESKI
305 Washington Avenue
Suite 301
Towson, Maryland  21204
(410) 494-7100
Attorney for the Claimant

I **HEREBY CERTIFY** that on this _20_ day of _July_, 2011, the
foregoing Claim Of Ownership was mailed to:

Forfeiture Counsel
Asset Forfeiture Section
Drug Enforcement Administration
HQs Forfeiture Response
P.O. Box 1475
Quantico, Virginia 22134-1475

RICHARD M. KARCESKI

2



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Mohd Nazzal Abu-Jamous
c/o Richard Karceski/Esq.
305 Washington Avenue
Suite 301
Baltimore, MD 21204

| Asset Id: | 11-DEA-548969 |
|---|---|
| Case Number: | BH-11-0021 |
| Property: | Assorted Electric Cement Mixers, VL: $878.00 (See Attached List) |
| Asset Value: | $878.00 |
| Seizure Date: | 05/03/2011 |
| Seizure Place: | New Market, MD |
| Owner Name: | Abu-Jamous, Mohd Nazzal |
| Seized From: | Martinez-Diaz, Rosa Perez and Raul |
| Judicial District: | District of Maryland |

NOTICE MAILING DATE: July 1, 2011

## NOTICE OF SEIZURE

The above-described property was seized by the Drug Enforcement Administration (DEA) for forfeiture pursuant to Title 21, United States Code (U.S.C.), Section 881, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

## TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission (**pardon**) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (**30**) days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

## TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by August 5, 2011. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

## WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, 8701 Morrissette Drive, Springfield, VA 22152. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED. The Asset ID referenced above should be used with all submissions. Failure to include the Asset ID may cause a delay in processing your submission(s).





Asset List for Personal Seizure Notice

July 1, 2011 (8:01am)

Seizure No:  N-12

Agency Case: BH-11-0021

| ASSET ID | ASSET DESCRIPTION | VIN/SERIAL NO. |
|---|---|---|
| 11-DEA-548969 | 1 Buffalo Tools Cement Mixer<br>1 Buffalo Tools Cement Mixer | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,        *

      Plaintiff            *    Case No: BH-11-0021

                         *    Asset ID: 11-DEA-548969
v.

ASSORTED ELECTRIC        *
CEMENT MIXERS
                        *

      Defendant        *   *   *

## CLAIM OF OWNERSHIP

Claimant, Solo Wholesale, LLC, by and through its attorney, Richard M. Karceski, in accordance with 18 U.S.C. §983, does hereby file its claim of ownership in the above-captioned property:

Solo Wholesale, LLC, by Mohd Nazzal Abujamous, does hereby swear and affirm under the penalty of perjury that the following is true and correct:

It has received a copy of the Notice of Seizure. It is the owner of the property described in the Notice of Seizure. As the owner of the property, it demands its restitution and the right to defend this action. Its Claim of Ownership is based on the following facts:

1. On May 3, 2011, law enforcement agents, armed with a search and seizure warrant, entered 10620 Old National Pike, New Market, Maryland and seized, among other things, Assorted Electric Cement Mixers, from that location.

2. The machinery seized is the lawful property of Solo Wholesale, LLC.

3.  The machinery seized is unrelated to any illegal activity. It is legitimately the sole property of Solo Wholesale, LLC and Solo Wholesale, LLC demands its return.

SOLO WHOLESALE, LLC

By: Mohd Nazzal Abujamous
_____

7 | 20 | 2011
_____
Date

_____
RICHARD M. KARCESKI
305 Washington Avenue
Suite 301
Towson, Maryland  21204
(410) 494-7100
Attorney for the Claimant

I **HEREBY CERTIFY** that on this _____ day of _____, 2011, the foregoing Claim Of Ownership was mailed to:

Forfeiture Counsel
Asset Forfeiture Section
Drug Enforcement Administration
HQs Forfeiture Response
P.O. Box 1475
Quantico, Virginia 22134-1475

_____
RICHARD M. KARCESKI

2



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Mohd Nazzal Abu-Jamous
c/o Richard Karceski/Esq.
305 Washington Avenue
Suite 301
Baltimore, MD 21204

| | |
|---|---|
| Asset Id: | 11-DEA-548970 |
| Case Number: | BH-11-0021 |
| Property: | CVC 220B Commercial Packaging Machine |
| Serial Number: | 09901015 |
| Asset Value: | $22,500.00 |
| Seizure Date: | 05/03/2011 |
| Seizure Place: | New Market, MD |
| Owner Name: | Abu-Jamous, Mohd Nazzal |
| Seized From: | Martinez-Diaz, Rosa Perez and Raul |
| Judicial District: | District of Maryland |

**NOTICE MAILING DATE: June 29, 2011**

## NOTICE OF SEIZURE

The above-described property was seized by the Drug Enforcement Administration (DEA) for forfeiture pursuant to Title 21, United States Code (U.S.C.), Section 881, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. You should review the following procedures very carefully.

## TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission (**pardon**) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (30) days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

## TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by August 3, 2011. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim must identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

## WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, 8701 Morrissette Drive, Springfield, VA 22152. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED. The Asset ID referenced above should be used with all submissions. Failure to include the Asset ID may cause a delay in processing your submission(s).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,          *

    Plaintiff                          *          Case No: BH-11-0021

v.                                 *          Asset ID: 11-DEA-548970

CVC 220B COMMERCIAL                *
PACKAGING MACHINE
                                   *
    Defendant              *          *          *

### CLAIM OF OWNERSHIP

    Claimant, Solo Wholesale, LLC, by and through its attorney, Richard M. Karceski, in accordance with 18 U.S.C. §983, does hereby file its claim of ownership in the above-captioned property:

    Solo Wholesale, LLC, by Mohd Nazzal Abujamous, does hereby swear and affirm under the penalty of perjury that the following is true and correct:

    It has received a copy of the Notice of Seizure. It is the owner of the property described in the Notice of Seizure. As the owner of the property, it demands its restitution and the right to defend this action. Its Claim of Ownership is based on the following facts:

    1.   On May 3, 2011, law enforcement agents, armed with a search and seizure warrant, entered 10620 Old National Pike, New Market, Maryland and seized, among other things, a CVC 220B Commercial Packaging Machine, from that location.

    2.   The machine seized is the lawful property of Solo Wholesale, LLC.

3.   The machine seized is unrelated to any illegal activity. It is legitimately the sole property of Solo Wholesale, LLC and Solo Wholesale, LLC demands its return.

SOLO WHOLESALE, LLC

By: Mohd Nazzal Abujamous

7/20/2011
_____
Date

_____
RICHARD M. KARCESKI
305 Washington Avenue
Suite 301
Towson, Maryland  21204
(410) 494-7100
Attorney for the Claimant


I HEREBY CERTIFY that on this _____ day of _____, 2011, the foregoing Claim Of Ownership was mailed to:

Forfeiture Counsel
Asset Forfeiture Section
Drug Enforcement Administration
HQs Forfeiture Response
P.O. Box 1475
Quantico, Virginia 22134-1475


_____
RICHARD M.  KARCESKI

2



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Mohd Nazzal Abu-Jamous
c/o Richard Karceski/Esq.
305 Washington Avenue
Suite 301
Baltimore, MD 21204

| | |
|---|---|
| Asset Id: | 11-DEA-548971 |
| Case Number: | BH-11-0021 |
| Property: | Cleveland DBF-900LW Bond Sealer |
| Serial Number: | None |
| Asset Value: | $880.00 |
| Seizure Date: | 05/03/2011 |
| Seizure Place: | New Market, MD |
| Owner Name: | Abu-Jamous, Mohd Nazzal |
| Seized From: | Martinez-Diaz, Rosa Perez and Raul |
| Judicial District: | District of Maryland |

**NOTICE MAILING DATE:** July 1, 2011

### NOTICE OF SEIZURE

The above-described property was seized by the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881**, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or contest your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

### TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission **(pardon)** or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty **(30) days** of your receipt of this notice. The petition must include proof of your interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

### TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **August 5, 2011.** The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. This property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

### WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, 8701 Morrissette Drive, Springfield, VA 22152. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED. The Asset ID referenced above should be used with all submissions. Failure to include the Asset ID may cause a delay in processing your submission(s).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,          *

     Plaintiff          *          Case No: BH-11-0021

v.          *          Asset ID: 11-DEA-548971

CLEVELAND DBF 900LW          *
BOND SEALER
          *
     Defendant
          *          *          *

### CLAIM OF OWNERSHIP

Claimant, Solo Wholesale, LLC, by and through its attorney, Richard M. Karceski, in accordance with 18 U.S.C. §983, does hereby file its claim of ownership in the above-captioned property:

Solo Wholesale, LLC, by Mohd Nazzal Abujamous, does hereby swear and affirm under the penalty of perjury that the following is true and correct:

It has received a copy of the Notice of Seizure.  It is the owner of the property described in the Notice of Seizure.  As the owner of the property, it demands its restitution and the right to defend this action.  Its Claim of Ownership is based on the following facts:

1. On May 3, 2011, law enforcement agents, armed with a search and seizure warrant, entered 10620 Old National Pike, New Market, Maryland and seized, among other things, a Cleveland DBF 900LW Bond Sealer, from that location.

2. The machine seized is the lawful property of Solo Wholesale, LLC.

3.   The machine seized is unrelated to any illegal activity. It is legitimately the sole property of Solo Wholesale, LLC and Solo Wholesale, LLC demands its return.

SOLO WHOLESALE, LLC

By: Mohd Nazzal Abujamous

__July 20, 2011__
Date

RICHARD M. KARCESKI
305 Washington Avenue
Suite 301
Towson, Maryland  21204
(410) 494-7100
Attorney for the Claimant

   **I HEREBY CERTIFY** that on this _____ day of _____, 2011, the foregoing Claim Of Ownership was mailed to:

Forfeiture Counsel
Asset Forfeiture Section
Drug Enforcement Administration
HQs Forfeiture Response
P.O. Box 1475
Quantico, Virginia 22134-1475

RICHARD M. KARCESKI

2



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Mohd Nazzal Abu-Jamous
c/o Richard Karceski/Esq.
305 Washington Avenue
Suite 301
Baltimore, MD 21204

| | |
|---|---|
| Asset Id: | 11-DEA-548973 |
| Case Number: | BH-11-0021 |
| Property: | Assorted Packaging Machines, VL: $1,800.00 (See Attached List) |
| Asset Value: | $1,800.00 |
| Seizure Date: | 05/03/2011 |
| Seizure Place: | New Market, MD |
| Owner Name: | Abu-Jamous, Mohd Nazzal |
| Seized From: | Martinez-Diaz, Rosa Perez and Raul |
| Judicial District: | District of Maryland |

**NOTICE MAILING DATE:** June 29, 2011

## NOTICE OF SEIZURE

The above-described property was seized by the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881**, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

## TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission (**pardon**) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (30) days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

## TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by August 3, 2011. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

## WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, 8701 Morrissette Drive, Springfield, VA 22152. **A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED.** The Asset ID referenced above should be used with all submissions. Failure to include the Asset ID may cause a delay in processing your submission(s).

Asset List for Personal Seizure Notice

June 29, 2011 (10:01am)

Seizure No: N-19

Agency Case: BH-11-0021

| ASSET ID | ASSET DESCRIPTION | VIN/SERIAL NO. |
|---|---|---|
| 11-DEA-548973 | 1 Cleveland DBF-900 Packaging Machine<br>1 Cleveland DBF-900 Packaging Machine | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,                    *

     Plaintiff                              *          Case No: BH-11-0021

v.                                           *          Asset ID: 11-DEA-548973

ASSORTED PACKAGING MACHINES                  *

                                             *

     Defendant                   *     *     *

## CLAIM OF OWNERSHIP

Claimant, Solo Wholesale, LLC, by and through its attorney, Richard M. Karceski, in accordance with 18 U.S.C. §983, does hereby file its claim of ownership in the above-captioned property:

Solo Wholesale, LLC, by Mohd Nazzal Abujamous, does hereby swear and affirm under the penalty of perjury that the following is true and correct:

It has received a copy of the Notice of Seizure. It is the owner of the property described in the Notice of Seizure. As the owner of the property, it demands its restitution and the right to defend this action. Its Claim of Ownership is based on the following facts:

1. On May 3, 2011, law enforcement agents, armed with a search and seizure warrant, entered 10620 Old National Pike, New Market, Maryland and seized, among other things, Assorted Packaging Machines, from that location.

2. The machinery seized is the lawful property of Solo Wholesale, LLC.

3.  The machinery seized is unrelated to any illegal activity. It is legitimately the sole property of Solo Wholesale, LLC and Solo Wholesale, LLC demands its return.

SOLO WHOLESALE, LLC

By: Mohd Nazzal Abujamous

Date 7/20/2011

RICHARD M. KARCESKI
305 Washington Avenue
Suite 301
Towson, Maryland  21204
(410) 494-7100
Attorney for the Claimant

**I HEREBY CERTIFY** that on this _____ day of _____, 2011, the foregoing Claim Of Ownership was mailed to:

Forfeiture Counsel
Asset Forfeiture Section
Drug Enforcement Administration
HQs Forfeiture Response
P.O. Box 1475
Quantico, Virginia 22134-1475

RICHARD M. KARCESKI

2



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Mohd Nazzal Abu-Jamous
c/o Richard Karceski/Esq.
305 Washington Avenue
Suite 301
Baltimore, MD 21204

| Asset Id: | 11-DEA-549010 |
|---|---|
| Case Number: | BH-11-0021 |
| Property: | Assorted Electric Cement Mixers, VL: $596.00 (See Attached List) |
| Asset Value: | $596.00 |
| Seizure Date: | 05/03/2011 |
| Seizure Place: | New Market, MD |
| Owner Name: | Abu-Jamous, Mohd Nazzal |
| Seized From: | Martinez-Diaz, Rosa Perez and Raul |
| Judicial District: | District of Maryland |

**NOTICE MAILING DATE:** June 30, 2011

## NOTICE OF SEIZURE

The above-described property was seized by the Drug Enforcement Administration (DEA) for forfeiture pursuant to Title 21, United States Code (U.S.C.), **Section 881**, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

## TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission (**pardon**) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (**30**) days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

## TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by August 4, 2011. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

## WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475.** Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, 8701 Morrissette Drive, Springfield, VA 22152. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED. The Asset ID referenced above should be used with all submissions. Failure to include the Asset ID may cause a delay in processing your submission(s).

Asset List for Personal Seizure Notice

June 30, 2011 (11:15am)

Agency Case: BH-11-0021

Seizure No: N-11

| ASSET ID | ASSET DESCRIPTION | VIN/SERIAL NO. |
|---|---|---|
| 11-DEA-549010 | 1 Electric Cement Mixer<br>1 Electric Cement Mixer | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,      *

    Plaintiff      *      Case No: BH-11-0021

v.      *      Asset ID: 11-DEA-549010

ASSORTED ELECTRIC      *
CEMENT MIXERS
               *

    Defendant      *      *      *

## CLAIM OF OWNERSHIP

Claimant, Solo Wholesale, LLC, by and through its attorney, Richard M. Karceski, in accordance with 18 U.S.C. §983, does hereby file its claim of ownership in the above-captioned property:

Solo Wholesale, LLC, by Mohd Nazzal Abujamous, does hereby swear and affirm under the penalty of perjury that the following is true and correct:

It has received a copy of the Notice of Seizure. It is the owner of the property described in the Notice of Seizure. As the owner of the property, it demands its restitution and the right to defend this action. Its Claim of Ownership is based on the following facts:

1. On May 3, 2011, law enforcement agents, armed with a search and seizure warrant, entered 10620 Old National Pike, New Market, Maryland and seized, among other things, Assorted Electric Cement Mixers, from that location.

2. The machinery seized is the lawful property of Solo Wholesale, LLC.

3.  The machinery seized is unrelated to any illegal activity. It is legitimately the sole property of Solo Wholesale, LLC and Solo Wholesale, LLC demands its return.

SOLO WHOLESALE, LLC

By: Mohd Nazzal Abujamous

_7/20/2011_
Date

RICHARD M. KARCESKI
305 Washington Avenue
Suite 301
Towson, Maryland  21204
(410) 494-7100
Attorney for the Claimant

**I HEREBY CERTIFY** that on this _____ day of _____, 2011, the foregoing Claim Of Ownership was mailed to:

Forfeiture Counsel
Asset Forfeiture Section
Drug Enforcement Administration
HQs Forfeiture Response
P.O. Box 1475
Quantico, Virginia 22134-1475

RICHARD M. KARCESKI

2



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

| | |
|---|---|
| **Asset Id:** | 11-DEA-549016 |
| **Case Number:** | BH-11-0021 |
| **Property:** | GYL Automatic Packaging Machinery |
| **Serial Number:** | None |
| **Asset Value:** | $4,500.00 |
| **Seizure Date:** | 05/03/2011 |
| **Seizure Place:** | New Market, MD |
| **Owner Name:** | Abu-Jamous, Mohd Nazzal |
| **Seized From:** | Martinez-Diaz, Rosa Perez and Raul |
| **Judicial District:** | District of Maryland |

Mohd Nazzal Abu-Jamous
c/o Richard Karceski/Esq.
305 Washington Avenue
Suite 301
Baltimore, MD 21204

**NOTICE MAILING DATE:** July 1, 2011

## NOTICE OF SEIZURE

The above-described property was seized by the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881**, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

## TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission (**pardon**) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (30) days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

## TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **August 5, 2011**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(f), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to ~~hardship. Request must be~~ sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

## WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, 8701 Morrissette Drive, Springfield, VA 22152. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED. The Asset ID referenced above should be used with all submissions. Failure to include the Asset ID may cause a delay in processing your submission(s).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,     *

     Plaintiff         *     Case No: BH-11-0021

                    *     Asset ID: 11-DEA-549016

v.

GYL AUTOMATIC PACKAGING     *
MACHINERY
                    *

     Defendant        *    *    *

## CLAIM OF OWNERSHIP

Claimant, Solo Wholesale, LLC, by and through its attorney, Richard M. Karceski, in accordance with 18 U.S.C. §983, does hereby file its claim of ownership in the above-captioned property:

Solo Wholesale, LLC, by Mohd Nazzal Abujamous, does hereby swear and affirm under the penalty of perjury that the following is true and correct:

It has received a copy of the Notice of Seizure.  It is the owner of the property described in the Notice of Seizure.  As the owner of the property, it demands its restitution and the right to defend this action.  Its Claim of Ownership is based on the following facts:

1.   On May 3, 2011, law enforcement agents, armed with a search and seizure warrant, entered 10620 Old National Pike, New Market, Maryland and seized, among other things, GYL Automatic Packaging Machinery, from that location.

2.   The machinery seized is the lawful property of Solo Wholesale, LLC.

3.  The machinery seized is unrelated to any illegal activity. It is legitimately the sole property of Solo Wholesale, LLC and Solo Wholesale, LLC demands its return.

SOLO WHOLESALE, LLC

By: Mohd Nazzal Abujamous

7/20/2011

Date

RICHARD M. KARCESKI
305 Washington Avenue
Suite 301
Towson, Maryland  21204
(410) 494-7100
Attorney for the Claimant

 I HEREBY CERTIFY that on this _____ day of _____, 2011, the foregoing Claim Of Ownership was mailed to:

Forfeiture Counsel
Asset Forfeiture Section
Drug Enforcement Administration
HQs Forfeiture Response
P.O. Box 1475
Quantico, Virginia 22134-1475

RICHARD M. KARCESKI

2



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Mohd Nazzal Abu-Jamous
c/o Richard Karceski/Esq.
305 Washington Avenue
Suite 301
Baltimore, MD 21204

| | |
|---|---|
| Asset Id: | 11-DEA-549016 |
| Case Number: | BH-11-0021 |
| Property: | GYL Automatic Packaging Machinery |
| Serial Number: | None |
| Asset Value: | $4,500.00 |
| Seizure Date: | 05/03/2011 |
| Seizure Place: | New Market, MD |
| Owner Name: | Abu-Jamous, Mohd Nazzal |
| Seized From: | Martinez-Diaz, Rosa Perez and Raul |
| Judicial District: | District of Maryland |

**NOTICE MAILING DATE:** July 1, 2011

### NOTICE OF SEIZURE

The above-described property was seized by the Drug Enforcement Administration (DEA) for forfeiture pursuant to Title 21, United States Code (U.S.C.), Section 881, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

### TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission **(pardon)** or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (30) days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

### TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by August 5, 2011. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to ~~hardship. Your claim must be~~ sent to the Forfeiture Counsel of the DEA. ~~The following~~ property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

### WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, 8701 Morrissette Drive, Springfield, VA 22152. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED. The Asset ID referenced above should be used with all submissions. Failure to include the Asset ID may cause a delay in processing your submission(s).





**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**



Mohd Nazzal Abu-Jamous
c/o Richard Karceski/Esq.
305 Washington Avenue
Suite 301
Baltimore, MD 21204

| | |
|---|---|
| Asset Id: | 11-DEA-549010 |
| Case Number: | BH-11-0021 |
| Property: | Assorted Electric Cement Mixers, VL: $596.00 (See Attached List) |
| Asset Value: | $596.00 |
| Seizure Date: | 05/03/2011 |
| Seizure Place: | New Market, MD |
| Owner Name: | Abu-Jamous, Mohd Nazzal |
| Seized From: | Martinez-Diaz, Rosa Perez and Raul |
| Judicial District: | District of Maryland |

### NOTICE MAILING DATE: June 30, 2011

### NOTICE OF SEIZURE

The above-described property was seized by the Drug Enforcement Administration (DEA) for forfeiture pursuant to Title 21, United States Code (U.S.C.), Section 881, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. You should review the following procedures very carefully.

### TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission (pardon) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (30) days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

### TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by August 4, 2011. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

### WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, 8701 Morrissette Drive, Springfield, VA 22152. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED. The Asset ID referenced above should be used with all submissions. Failure to include the Asset ID may cause a delay in processing your submission(s).



 Asset List for Personal Seizure Notice

Agency Case: BH-11-0021

| ASSET ID | ASSET DESCRIPTION | VIN/SERIAL NO. |
|---|---|---|
| 11-DEA-549010 | 1 Electric Cement Mixer<br>1 Electric Cement Mixer | |





**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Mohd Nazzal Abu-Jamous
c/o Richard Karceski/Esq.
305 Washington Avenue
Suite 301
Baltimore, MD 21204

| | |
|---|---|
| Asset Id: | 11-DEA-548973 |
| Case Number: | BH-11-0021 |
| Property: | Assorted Packaging Machines, VL: $1,800.00 (See Attached List) |
| Asset Value: | $1,800.00 |
| Seizure Date: | 05/03/2011 |
| Seizure Place: | New Market, MD |
| Owner Name: | Abu-Jamous, Mohd Nazzal |
| Seized From: | Martinez-Diaz, Rosa Perez and Raul |
| Judicial District: | District of Maryland |

**NOTICE MAILING DATE:** June 29, 2011

## NOTICE OF SEIZURE

The above-described property was seized by the Drug Enforcement Administration (DEA) for forfeiture pursuant to Title 21, United States Code (U.S.C.), Section 881, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

## TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission (pardon) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (30) days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

## TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by August 3, 2011. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

## WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, 8701 Morrissette Drive, Springfield, VA 22152. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED. The Asset ID referenced above should be used with all submissions. Failure to include the Asset ID may cause a delay in processing your submission(s).





Asset List for Personal Seizure Notice

Agency Case:  BH-11-0021

| ASSET ID | ASSET DESCRIPTION | VIN/SERIAL NO. |
|---|---|---|
| 11-DEA-548973 | 1 Cleveland DBF-900 Packaging Machine<br>1 Cleveland DBF-900 Packaging Machine | |







**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**



Mohd Nazzal Abu-Jamous
c/o Richard Karceski/Esq.
305 Washington Avenue
Suite 301
Baltimore, MD 21204

| | |
|---|---|
| Asset Id: | 11-DEA-548971 |
| Case Number: | BH-11-0021 |
| Property: | Cleveland DBF-900LW Bond Sealer |
| Serial Number: | None |
| Asset Value: | $880.00 |
| Seizure Date: | 05/03/2011 |
| Seizure Place: | New Market, MD |
| Owner Name: | Abu-Jamous, Mohd Nazzal |
| Seized From: | Martinez-Diaz, Rosa Perez and Raul |
| Judicial District: | District of Maryland |

NOTICE MAILING DATE: July 1, 2011

## NOTICE OF SEIZURE

The above-described property was seized by the Drug Enforcement Administration (DEA) for forfeiture pursuant to Title 21, United States Code (U.S.C.), Section 881, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. You should review the following procedures very carefully.

## TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission (pardon) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (30) days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

## TO CONTEST THE FORFEITURE



In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by August 5, 2011. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

## WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, 8701 Morrissette Drive, Springfield, VA 22152. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED. The Asset ID referenced above should be used with all submissions. Failure to include the Asset ID may cause a delay in processing your submission(s).



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Mohd Nazzal Abu-Jamous
c/o Richard Karceski/Esq.
305 Washington Avenue
Suite 301
Baltimore, MD 21204

| | |
|---|---|
| Asset Id: | 11-DEA-548970 |
| Case Number: | BH-11-0021 |
| Property: | CVC 220B Commercial Packaging Machine |
| Serial Number: | 09901015 |
| Asset Value: | $22,500.00 |
| Seizure Date: | 05/03/2011 |
| Seizure Place: | New Market, MD |
| Owner Name: | Abu-Jamous, Mohd Nazzal |
| Seized From: | Martinez-Diaz, Rosa Perez and Raul |
| Judicial District: | District of Maryland |

**NOTICE MAILING DATE:** June 29, 2011

## NOTICE OF SEIZURE

The above-described property was seized by the Drug Enforcement Administration (DEA) for forfeiture pursuant to Title 21, United States Code (U.S.C.), Section 881, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. You should review the following procedures very carefully.

## TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission (**pardon**) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (30) days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

## TO CONTEST THE FORFEITURE



In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by August 3, 2011. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

## WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, 8701 Morrissette Drive, Springfield, VA 22152. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED. The Asset ID referenced above should be used with all submissions. Failure to include the Asset ID may cause a delay in processing your submission(s).



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**



Mohd Nazzal Abu-Jamous
c/o Richard Karceski/Esq.
305 Washington Avenue
Suite 301
Baltimore, MD 21204

| | |
|---|---|
| Asset Id: | 11-DEA-548969 |
| Case Number: | BH-11-0021 |
| Property: | Assorted Electric Cement Mixers, VL: $878.00 (See Attached List) |
| Asset Value: | $878.00 |
| Seizure Date: | 05/03/2011 |
| Seizure Place: | New Market, MD |
| Owner Name: | Abu-Jamous, Mohd Nazzal |
| Seized From: | Martinez-Diaz, Rosa Perez and Raul |
| Judicial District: | District of Maryland |

### NOTICE MAILING DATE: July 1, 2011

### NOTICE OF SEIZURE

The above-described property was seized by the Drug Enforcement Administration (DEA) for forfeiture pursuant to Title 21, United States Code (U.S.C.), Section 881, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. You should review the following procedures very carefully.

### TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission (pardon) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (30) days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

### TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by August 5, 2011. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

### WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, 8701 Morrissette Drive, Springfield, VA 22152. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED. The Asset ID referenced above should be used with all submissions. Failure to include the Asset ID may cause a delay in processing your submission(s).

 Asset List for Personal Seizure Notice

July 1, 2011 (8:01am)

Seizure No:  N-12

Agency Case: BH-11-0021

| ASSET ID | ASSET DESCRIPTION | VIN/SERIAL NO. |
|---|---|---|
| 11-DEA-548969 | 1 Buffalo Tools Cement Mixer<br>1 Buffalo Tools Cement Mixer | |







**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Mohd Nazzal Abu-Jamous
c/o Richard Karceski/Esq.
305 Washington Avenue
Suite 301
Baltimore, MD 21204

| | |
|---|---|
| Asset Id: | 11-DEA-548957 |
| Case Number: | BH-11-0021 |
| Property: | 2004 GMC G3500 |
| Vehicle ID Number: | 1GDJG31U741908735 |
| Asset Value: | $5,000.00 |
| Seizure Date: | 05/03/2011 |
| Seizure Place: | New Market, MD |
| Owner Name: | Solo Wholesale LLC |
| Seized From: | Martinez-Diaz, Rosa Perez and Raul |
| Judicial District: | District of Maryland |

**NOTICE MAILING DATE: June 29, 2011**

## NOTICE OF SEIZURE

The above-described property was seized by the Drug Enforcement Administration (DEA) for forfeiture pursuant to Title 21, United States Code (U.S.C.), Section 881, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. You should review the following procedures very carefully.

## TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission (pardon) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (30) days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

## TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by August 3, 2011. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

## WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, 8701 Morrissette Drive, Springfield, VA 22152. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED. The Asset ID referenced above should be used with all submissions. Failure to include the Asset ID may cause a delay in processing your submission(s).



