IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SOLO WHOLESALE, LLC            *
TOBACCO ZONE, INC.
    Plaintiffs                 *     Criminal Case No: 11-0618

v.                             *     Magistrate Case No:
                                     11-2267
UNITED STATES GOVERNMENT/      *
DRUG ENFORCEMENT                     Civil Case No:
ADMINISTRATION                 *     CCB-12-3726

                               *
    Defendant
                         *     *     *

### RENEWED MOTION FOR RETURN OF SEIZED PROPERTY

Claimants, Solo Wholesale, LLC and Tobacco Zone, Inc., by and through their attorney, Richard M. Karceski, request that this Honorable Court deny the Government's Motion to Dismiss and return the property to the Claimants without delay. The Claimants, for their reasons, state:

1. Claimants have and continue to be represented by undersigned counsel by virtue of the entry of his appearance with the initial filings in these matters.

2. Claimants' property was seized by agents of the Drug Enforcement Administration on or about May 3, 2011.

3. The Government's Notices of Seizure in this matter were dated June 29, June 30, and July 1, 2011.

4. Timely Claims of Ownership and Petitions for Remission and/or Mitigation were filed by undersigned counsel on July 21, 2011.

5. Neither the Government nor the Drug Enforcement

Administration has responded to either claim.

6. A Motion and Order for Return of Seized Property was filed by undersigned counsel on December 7, 2012.

7. Counsel for the Claimants refiled the Motion and Order for Return of Seized Property on December 19, 2012.

8. Judge Catherine C. Blake issued an Order to show cause on February 27, 2013, stating that the Plaintiffs' Motion for Return of Seized Property would be granted unless the Government can show good cause to the contrary by March 12, 2013.

9. The Government filed a Response to Motion for Return of Property with the Court ex parte and under seal on March 12, 2013.

10. The Government did not show good cause by March 12, 2013 as ordered by this Court.

11. The Government filed a Motion to Stay Proceedings on April 2, 2013.

12. An objection to the Motion to Stay was filed by undersigned counsel on April 2, 2013.

13. The Government filed a Motion to Dismiss Complaint, Or In The Alternative, for Clarification of the Representation of the Corporate Plaintiffs on April 19, 2013.

14. The Government has chosen not to demonstrate good cause as ordered by this Court. Any motion filed subsequent to this Court's Order of February 27, 2013, ordering the Government to answer by demonstrating good cause, cannot be salvaged by any filing made subsequent to that date. The Government is not entitled to a redo.

2

In *United States v. Wilson*, the Court of Appeals for the Fourth Circuit examined a similar case in which the Government failed to file a formal complaint in district court for forfeiture within the 90-day period pursuant to 18 U.S.C. § 983(a)(3). Plaintiff Wilson filed a claim for return of the money. The Government filed twenty days past the expiration of the 90-day filing period. The district court rejected Wilson's defense that the money was from his legitimate income, and ruled for the Government. Two weeks later, Wilson filed a motion to set aside the forfeiture judgment as void because of the Government's untimely filing. The circuit court affirmed stating that because Wilson did not raise the defense for the time limit imposed by § 983(a)(3) during the forfeiture action, that Wilson forfeited the defense.

In this case, an Answer to its Petition for Remission or Mitigation was filed by the undersigned counsel on behalf of Tobacco Zone, Inc. and Solo Wholesale, LLC on July 21, 2011. This filing invoked the 90-day period pursuant to 18 U.S.C. § 983(a)(3) in which the Government must file a formal complaint for forfeiture. Ninety days later, on October 21, 2011, the Government had not filed an answer to the Petition.

Subsequently, on December 7, 2012, Claimants filed a Motion and Order for Return of Seized Property citing the *Wilson* case (refiled on December 19, 2012). Ninety days from that date, on March 7, 2012, the Government had neither filed an answer to the original Petition nor an answer in response to the Motion and Order

3

for Return of Seized Property.

Judge Blake issued an Order to show cause on February 27, 2013 providing the Government five extra days past the 90-day period to show good cause by March 12, 2013. The Government did not show good cause by the expiration of Judge Blake's Order. On March 12, 2013 the Government filed a Response to Motion for Return of Property with the Court ex parte and under seal. Three weeks later, on April 2, 2013, the Government filed a Motion for Stay of Proceedings. The Government later filed a Motion to Dismiss Complaint, or In The Alternative, for Clarification of the Representation of the Corporate Plaintiffs on April 19, 2013.

The Government never answered the Petition for Remission nor the Motion and Order for Return of Seized Property within the 90-day time limit. The Government's ex parte Response was filed nearly nine months following the original filing of the Petition on July 21, 2011, and 95 days after the Motion and Order for Return of Seized Property. The court in *Wilson* held the 90-day time limit is mandatory.

Additionally, the Government did not show good cause by March 12, 2013 pursuant to the Judge's Order. Therefore, the Government is precluded from challenging counsel's standing or that the Claimants are unrepresented. The Government may not raise the issue of Claimants' representation, as undersigned counsel has been the attorney of record for Tobacco Zone, Inc. and Solo Wholesale, LLC since the original filing of the Petition in July, 2011. Furthermore, the Government cannot subsequently challenge

4

undersigned counsel's standing as its Motion to Dismiss Complaint, Or, in the Alternative, for Clarification of the Representation of the Corporate Plaintiffs is past the 90-day time limit and past the expiration of Judge Blake's Order to show cause.

WHEREFORE, pursuant to 18 U.S.C.S. Section 983 (a)(3), the Claimants herein request the immediate return of their property and described as follows:

    A.    2004 GMC G3500, Veh. ID: 1GDJG31U741908735

    B.    Assorted Electric Cement Mixers

    C.    CVC 220B Commercial Packaging Machine

    D.    Cleveland DBF 900LW Bond Sealer

    E.    Assorted Packaging Machines

    F.    Assorted Electric Cement Mixers

    G.    GYL Automatic Packaging Machinery

_____
RICHARD M. KARCESKI
305 Washington Avenue
Suite 301
Towson, Maryland   21204
(410) 494-7100
Attorney for the Claimant

## POINTS AND AUTHORITIES

Title 18 U.S.C.S. Section 983.

*U.S. v. Wilson, etal*, 2012 West Law, 5448202; No. 11-1821, decided 11/8/12, United States Court of Appeals, 4th Circuit.

**I HEREBY CERTIFY** that on this _____ day of _____, 2013, the foregoing Renewed Motion For Return Of Seized Property was mailed to:

Stefan D. Cassella, Esquire
Assistant United States Attorney
36 S. Charles Street
Fourth Floor
Baltimore, Maryland 21201

_____
RICHARD M. KARCESKI